**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

JOSEPH WHITE,                          :
on behalf of Plaintiff and a class,    :
                                     :
                Plaintiff,      :
                                     :
           vs.                :
                                     :
RADIUS GLOBAL SOLUTIONS LLC,   :
                                   :
              Defendant.    :

-------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Joseph White brings this action to secure redress regarding unlawful collection practices engaged in by Defendant Radius Global Solutions LLC.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      Plaintiff's private information was wrongfully disclosed by Defendant to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4.      Personal jurisdiction and venue in this District are proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

5.      Plaintiff Joseph White is a natural person residing in Brooklyn, New York.

#### Defendant

6.      Defendant Radius Global Solutions LLC is a limited liability company organized

under Minnesota law with its principal office at 7831 Glenroy Rd., Ste. 250, Edina, MN 55439.  It

does business in New York.   Its registered agent and office is  C T Corporation System, 28 Liberty

St., New York, New York, 10005.

7.      Defendant Radius Global Solutions LLC is engaged in the  business of a collection

agency, collecting consumer debts for others and  using the mails and telephone system for that

purpose.  It states on its web site that it is a "Proven Debt Collection Agency."

(https://www.radiusgs.com/solutions/account-recovery-debt-collection-services/)

8.      On information and belief, Defendant Radius Global Solutions LLC has over 300

employees at multiple locations.

9.      Defendant Radius Global Solutions LLC is a debt collector as defined by the

FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

10.     This action arises out of Defendant's attempts to collect a credit card debt

incurred for personal, family or household purposes.

11.     On or about November 5,  2020, Defendant Radius Global Solutions LLC caused a

letter vendor to send Plaintiff the letter in Exhibit A.

12.     The letter bears markings that are characteristic of one generated by a letter

vendor.

13.     In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant

had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor,

details of Plaintiff's alleged debt, and other personal information.

14.     The letter vendor then populated some or all of this information into a prewritten

template, printed, and mailed the letter to Plaintiff.

15.     The FDCPA defines "communication" at 15 U.S.C. §1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

16.     The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

17.     Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

18.     Plaintiff  never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

19.      In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

20.     The letter vendor used by Defendant as part of its debt collection effort against Plaintiff  does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

21.      Due to Defendant's communication to this letter vendor,  information about Plaintiff is within the possession of an unauthorized third-party.

22.     If a debt collector "conveys information regarding the debt to a third party  -- informs the third party that the debt exists or provides information about the details of the debt  -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

23.     Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

24.     In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal  information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

25.     Plaintiff incorporates paragraphs 1-24.

26.     Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

27.     Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt  –  disclosing personal information about Plaintiff  to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

28.     Plaintiff brings this action on behalf of a class.

29.     The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c)  which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

30.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

31.     On information and belief, based on the size of Defendant's business operations and the use of form letters, there are more than 40 members of the class, and the  class is so numerous

that joinder of all members is not practicable.

32.     There are questions of law and fact common to the class members, which

common  questions predominate over any questions relating to individual class members.  The

predominant common questions are whether Defendant's practice as described above violates the

FDCPA.

33.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.  Plaintiff's claim is typical of the

claims of the class members.  All are based on the same factual and legal theories.

34.     A class action is superior  for the fair and efficient adjudication of this matter,

in that:

       a.     Individual actions are not economically feasible.

       b.     Members of the class are likely to be unaware of their rights;

       c.     Congress intended class actions to be the principal enforcement mechanism
under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and

against Defendant for:

       i.     Statutory damages;

       ii.     Attorney's fees, litigation expenses and costs of suit;

       iii.     Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626

(516) 522-2621
(888) 522-1692 (FAX)

pro hac vice to be applied for:

Heather Kolbus
**EDELMAN, COMBS, LATTURNER**
       **& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


*s/Abraham Kleinman*
Abraham Kleinman

# EXHIBIT A

P.O. Box 390905
Minneapolis, MN 55439
Mail Code CBNK

 Radius Global Solutions LLC

Radius Reference Number: ████9090
Balance Due: ████

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

JOSEPH WHITE
████████████████

Radius Global Solutions
P.O. Box 390905
Minneapolis, MN  55439

Customer Service: 866-579-5855

November 05, 2020
Radius Reference Number: ████9090
Account #: ***********7351
Balance Due: ████

OFFICE HOURS:  MON – FRI: 8AM – 5PM CENTRAL TIME
Creditor: ████████████
Regarding: ████████████

Account Balance: ████

Dear Joseph White,

████████████ authorized Radius Global Solutions to collect this debt on their behalf. We are aware of today's economic climate and the challenges you may be facing.  We pride ourselves on being a problem solving leader in this industry and we are confident we can find a resolution to this account that is mutually agreeable for all involved.  This may even include a possible resolution for less than the balance owed. The resolution may include a multi-payment option as well. Please contact us to resolve the above referenced account and know that we are always interested in hearing any repayment suggestions that you feel are fair and affordable. This offer does not affect your rights set forth below.   Make check payable to ██.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to hearing from you.

**Itemization of Debt:**
Total Amount Due as of Charge-Off: ████
Total Amount of Interest Accrued Since Charge-Off: $0.00
Total Amount of Non-Interest Charges or Fees Accrued Since Charge-Off:  $0.00
Total of Payments Made Since Charge-Off: $0.00
Total Amount of Other Credits Since Charge-Off:  $0.00
Total Amount of Debits Post Charge-Off:  $0.00

Thank you,

ROBERT NIGH
866-579-5855

Payment Methods
Online: paymentportal.radiusgs.com using the account information referenced above and pin number ████
Phone: 866-579-5855
Mail: P.O. Box 390905, Minneapolis, MN 55439